Filed 9/1/23  P. v. Session CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079790 |
| v. | (Super.Ct.No. RIF1301236) |
| JERMARR JERRELL SESSION, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Jermarr Jerrell Session, in pro. per.; Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jermarr Jerrell Session appeals the Riverside County Superior Court's denial of his Penal Code section 1172.6 petition for resentencing.[1] We will affirm.

## BACKGROUND

In 2015, a jury convicted defendant of several charges, including two counts of willful, deliberate, and premeditated attempted murder (§§ 187, 664), with gang enhancements as to both counts as well as enhancements for personally and intentionally discharging a firearm (§§ 186.22, subd. (b), 12022.53, subd. (c)). The court sentenced him to 73 years four months in prison. Defendant appealed the judgment and we affirmed. (*People v. Session* (June 8, 2017, E064108) [nonpub. opn.].)

In June 2022, defendant filed a resentencing petition pursuant to section 1172.6. The court appointed counsel and set a status conference hearing. At the hearing, the People and defendant's counsel indicated they had reviewed our opinion in defendant's appeal from the judgment and the jury instructions. They agreed the petition should be denied because defendant was the shooter and the jury was not instructed on either the felony-murder rule or natural and probable consequences theory. The court found defendant ineligible for resentencing relief and denied the petition. Defendant timely noticed this appeal from the denial.

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

# DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions. Counsel also states she considered the following issues: (i) whether defendant was deprived of his right to due process and prejudiced by the trial court's failure to require the People to file a written response to the petition or by the People's reference during oral argument to defendant's conviction as "murder" rather than attempted murder; (ii) whether defendant was effectively represented by counsel; (iii) whether defendant was deprived of his right to due process because the trial court did not provide a statement setting out its reasons for denial; and (iv) whether the trial court erred by not considering newly enacted section 1109.[2]

Upon receipt of the opening brief, we notified defendant (i) that his counsel had filed a brief stating she had not found an arguable issue, (ii) that this court is not required to conduct an independent review of the record but may exercise its discretion to do so, and (iii) we invited him to file any arguments he deemed necessary.

---

[2] Section 1109 authorizes the trial court, upon the defense's request, to try the issue of gang enhancement charges made under subdivisions (b) or (d) of section 186.22 after the question of defendant's guilt as to the underlying offense is determined.

Defendant filed a lengthy supplemental brief, in which he argues his case should be remanded for resentencing and provides documentary evidence in an effort to support that claim.

1. Defendant's claim that failure to comply in full with section 1172.6 procedural requirements and the People's reference to "murder" calls for reversal and remand

Defendant is correct that the court did not require the People to file a response to defendant's petition and that it did not provide a statement fully setting forth its reasons for declining to make an order to show cause as required by subdivision (c) of section 1172.6. He also is correct that, in the course of addressing the court, counsel for the People stated the jury found defendant guilty of "murder," instead of attempted murder. He does not claim, however, that he was prejudiced by those failures or counsel's misstatement. We find those errors harmless because the record establishes he is not eligible for relief as a matter of law and, therefore, he would not have enjoyed a more favorable result had there been strict compliance with the briefing and statement of decision provisions of section 1172.6. (See *People v. Vance* (2023) 94 Cal.App.5th 154, 162.)

2. Defendant's claim of ineffective assistance of counsel

Defendant claims he was deprived of effective assistance of his counsel in the matter of his section 1172.6 petition because his attorney failed to communicate with him. He states he was not aware he was being represented and was not informed of hearing dates, thereby depriving him of his right to appear. We find harmless any

deficiencies in counsel's representation and note that, unlike an evidentiary hearing held after the court makes an order to show cause, a defendant does not have a right to be present for the prima facie hearing. (*People v. Basler* (2022) 80 Cal.App.5th 46, 57-58.)

3. Defendant's claim that recent legislation provides grounds for remand and resentencing

Defendant posits that he would not now be found guilty of attempted murder because of legislation enacted since his conviction, and points to legislative changes to statutes other than section 1172.6 as reasons why this court should remand his case for resentencing. His argument does not take into account that the only changes in law that permit resentencing under section 1172.6 are those made to sections 188 or 189 that became effective on January 1, 2019. (§ 1172.6, subd. (a)(3).) And, even if the applicability of section 1172.6 was not limited to the specified changes, the three legislative acts he cites cannot serve to have this matter remanded for resentencing.

First, he cites section 1109 (effective January 1, 2022), which would permit a defendant to move to preclude the People from introducing evidence of gang activities until after the issue of whether he committed attempted murder is decided. Defendant posits that, if the issue of his gang involvement had not been part of the case against him during his trial, the People could not have established beyond a reasonable doubt that he had committed attempted murder. Even if that premise is true, section 1109 does not apply retroactively to convictions that are final. (See *People v. Burgos* (2022) 77

5

Cal.App.5th 550, 564-565, review granted July 13, 2022, S274743 [review granted on issue whether the provision should be applied in cases that are not yet final].)

Second, defendant claims the addition of the California Racial Justice Act of 2020 to section 1473 retroactively applies to his case and the gang expert who testified was biased and gave false testimony. Overlooked by defendant is that, to the extent, if any, he is eligible for relief under that Act, this appeal from the denial of his section 1172.6 petition is not the proper vehicle to obtain it. Rather, section 1473 specifies his remedy lies in prosecuting a writ of habeas corpus. (§ 1473, subd. (a).)

Third, defendant requests we remand this case for resentencing pursuant to section 1170.03 (as amended and renumbered to § 1172.1 by Stats. 2022, ch. 58, § 9 (Assem. Bill No. 200), eff. June 30, 2022, referred to herein as section 1172.1). Defendant's hope is to have the trial court resentence him, considering the mitigating factors set forth in section 1172.1, such as childhood trauma he suffered as well as his record of rehabilitation while incarcerated. While we commend the progress defendant has made in participating in self-help programs, continuing his education, engaging in job training and employment while incarcerated, and his efforts to plan for successful reentry upon his eventual release, we are not authorized by section 1172.1 to order the trial court to vacate defendant's sentence and resentence him.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
_____
P. J.

We concur:

McKINSTER
_____
J.

MILLER
_____
J.

7